Steven John Moser (SM6628)
Moser Law Firm, P.C.
5 E. Main Street
Huntington, NY  11743
(631) 824-0200
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eliecer Berrezueta, individually and on behalf of all others situated,<br><br>                                    Plaintiffs,<br><br>                -against-<br><br>Powerhouse Food Corp. d/b/a Holiday Farms and David Mandell,<br><br>                                    Defendants. | Case No.: 20-cv-4920<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Eliecer Berrezueta, individually and on behalf of all others similarly situated, alleges as follows:

## INTRODUCTION

1. This case is an action to remedy the failure of the Defendants to pay Plaintiff and those similarly situated overtime premium pay as required by the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 et seq. and the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142; and for Wage Statement violations of the New York Labor Law.

2. The Defendants' plan and policy to deprive employees of overtime consisted of the payment of overtime hours at the regular rate of pay rather than 1 ½ times the regular rate of pay.

3. The Defendants' method of evading detection was simple: They paid for overtime in cash "off the books." This allowed the Defendants to feign compliance with wage, hour, and tax laws.

4. Eliezer Berrezueta (the "Individual Plaintiff") brings his federal claims on behalf of the FLSA Collective (as hereinafter defined) under 29 U.S.C. § 216, and his state claims on behalf of the New York Class (as hereinafter defined) under Fed. R. Civ. P. 23. The Individual Plaintiff, the FLSA Collective, and the New York Class are collectively referred to herein as the Plaintiffs.

5. Defendants have willfully and systematically ignored the requirements of the FLSA and NYLL, including recordkeeping requirements; have failed to compensate Plaintiffs at the proper overtime rate for all overtime hours worked; and have failed to provide wage statements for wages paid in cash as required by NYLL §195(1).

6. The Defendants' willfulness is exhibited by their widespread violation of federal, and New York State laws, including the Social Security Act, the Internal Revenue Code, the New York Wage Theft Protection Act, the New York Disability Benefits Law, the New York State Worker's Compensation Law, and the New York Tax Law.

7. Plaintiffs seek to remedy New York Labor Law violations which have occurred for the period from March 29, 2014 until the present time (the "relevant time period"), which is calculated by adding 198 days to the New York Labor Law statute of limitations, as per the Executive Order 202.55 of Governor Andrew Cuomo.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## PARTIES

*Individual Plaintiff*

11. Plaintiff Eliecer Berrezueta is a natural person who resides in Nassau County, New York.

*Defendant Powerhouse Food Corp.*

12. Defendant Powerhouse Food Corp. is a New York corporation.

13. Defendant Powerhouse Food Corp. maintains a principal place of business at 374 Roslyn Road, Roslyn Heights, New York 11577.

14. During the relevant time period, Defendant Powerhouse Food Corp. has done business as Holiday Farms.

15. During the relevant time period, Defendant Powerhouse Food Corp. d/b/a Holiday Farms has operated a supermarket/grocery store located at 374 Roslyn Road, Roslyn Heights, New York 11577.

*Defendant David Mandell*

16. David Mandell is a natural person residing in Nassau County, New York.

17. Upon information and belief, during the relevant time period Defendant David Mandell has been an officer of Powerhouse Food Corp. (hereinafter "Powerhouse").

18. Upon information and belief, during the relevant time period Defendant David Mandell has been a shareholder of Powerhouse.

19. Upon information and belief, during the relevant time period, Defendant David Mandell has exercised operational control over Powerhouse.

20. During the relevant time period, David Mandell had the power to hire and fire Plaintiffs.

21. During the relevant time period, David Mandell controlled the terms and conditions of Plaintiffs' employment, and determined the rate and method of their compensation.

22. The Defendant David Mandell is an employer within the meaning of the FLSA and the NYLL, and during the relevant time period employed the Plaintiffs.

## LAW

*Overtime*

23. The FLSA (29 U.S.C. 207) and the New York Labor Law (12 NYCRR 142-2.2) require that an employer pay overtime at one- and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

*Wage Statements*

24. NYLL § 195-3, requires each employer to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For non-exempt employees, the statement must include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

25. For each week in which an employer does not provide an employee a wage statement in conformity with the requirements of NYLL §195-3, the employee is entitled to

4

recover $250 per workday, up to a total of $5,000.00 as well as costs and attorney's fees. NYLL § 198-1-d.

## FACTS

26. The following individual factual allegations are best approximations. The Individual Plaintiff reserves the right to amend his factual allegations to the extent that records exist which either refresh the Individual Plaintiff's recollection or may be used to substantiate the exact number of hours worked and/or wages paid.

27. Eliecer Berrezueta was employed as a grocery clerk at defendant's supermarket from approximately 2002 until May 18, 2019.

28. From approximately March 29, 2014 until March 1, 2018, Individual Plaintiff regularly worked from approximately 7 am to approximately 4 pm, 6 days a week, from Monday through Saturday, for a total of approximately 54 hours each week.

29. Consistent with the Defendant's policy and practice, Individual Plaintiff was paid for his overtime hours, in cash, at his regular rate of pay.

30. For example, the Individual Plaintiff's scheduled work hours for the pay period from March 18, 2018 through March 23, 2018 were as follows: 7 am to 4 pm on Monday Tuesday, Wednesday, Thursday and Saturday, and from 6 am to 3 pm on Friday, for a total of 54 hours.  Plaintiff was paid for his overtime hours, in cash, at his regular rate of pay.

31. For example, for the wee ending March 31, 2018, the Individual Plaintiff worked approximately 48 hours.  Consistent the Defendant's policy and practice, the Individual Plaintiff was paid for his overtime hours, in cash, at his regular rate of pay.

32. The wage statements furnished by the Defendants to the Plaintiffs were defective, because they did not reflect the cash wages paid to the Plaintiffs.

33. For example, for the week ending March 31, 2018 the Individual Plaintiff worked approximately 48 hours. However, the Defendant paid only 26.5 hours "on the books." The wage statement for that period falsely indicates that the Individual Plaintiff worked only 26.5 hours. The Individual Plaintiff was not issued a wage statement reflecting his cash wages.

34. Upon information and belief, Powerhouse's annual gross volume of sales made during the calendar year 2017 was not less than $500,000.00.

35. Upon information and belief, Powerhouse's annual gross volume of sales made during the calendar year 2018 was not less than $500,000.00.

36. Upon information and belief, Powerhouse's annual gross volume of sales made during the calendar year 2019 was not less than $500,000.00.

37. Upon information and belief, Powerhouse's annual gross volume of sales made during the calendar year 2020 was not less than $500,000.00.

38. For the three year period preceding the filing of this complaint, Powerhouse has been an enterprise engaged in interstate commerce.

## CLASS ACTION ALLEGATIONS

39. The Individual Plaintiff brings the *Second* and *Third Causes of Action* under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all hourly employees of the Powerhouse who have been employed by the Powerhouse at any time from March 29, 2017 to the present time (the "New York Class").

40. Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, and all persons who will submit timely and otherwise proper requests for exclusion from the class.

41. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Individual Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

42. Upon information and belief, the size of the class is estimated to be at least 100 workers.

43. Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

44. The *Second and Third Causes of Action* are properly maintainable as class actions under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. whether Defendants failed and/or refused to pay the Individual Plaintiff and the New York Class overtime premium pay for hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   b. whether the Defendants complied with the wage statement provisions of the New York Labor Law.

45. Upon information and belief, the damages sustained by each member of the New York Class can be determined by an analysis of the class members' payroll records and

employee file, as well as representative testimony. No special proof as to individualized damages is required.

46. The claims of the Individual Plaintiff are typical of the claims of the Class he seeks to represent.

47. The Individual Plaintiff and the class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay one and one half times the regular rate of pay for all hours worked in excess of 40 hours per week.

48. The Individual Plaintiffs and the class members have been subject to the Defendants' policy and pattern or practice of failing to provide wage statements that comply with the Wage Theft Prevention Act.

49. The Individual Plaintiff will fairly and adequately represent and protect the interests of the New York Class. The Individual Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the class to represent the class's interests fairly and adequately. The Individual Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. The Individual Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interest over those of the class. The Individual Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Individual Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

50. The Individual Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

51. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## COLLECTIVE ACTION ALLEGATIONS

52. Individual Plaintiff brings the FLSA claims, the First Cause of Action, on behalf of himself and all similarly situated persons who have worked for Powerhouse for the three year period prior to the filing of the complaint and who opt-in to this action (the "FLSA Collective").

53. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former employees of Powerhouse who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## WILFULLNESS ALLEGATIONS

54. As part of its regular business practice, Defendant Powerhouse has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws. This policy and pattern or practice includes but is not limited to:

   a. paying for overtime hours at the regular rate of pay, rather than the proper overtime rate.

   b. failing to provide wage statements for cash wages paid to employees "off the books."

## FIRST CAUSE OF ACTION:
## OVERTIME
**Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.**
**On behalf of Individual Plaintiff and the FLSA Collective**

55. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

56. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

57. Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

58. Defendants' employees handled, sold and otherwise worked on goods or materials that have been moved in or produced for commerce by any person, and Defendants have at least $500,000 of annual gross volume of sales made.

59. At all times relevant, Individual Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

60. The Defendants employed the Individual Plaintiff and the FLSA Collective as employers.

61. Defendants failed to pay the Individual Plaintiffs and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

62. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

63. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION:**
**OVERTIME**
**New York Labor Law Article 19, §§ 650 et seq., and 12 N.Y.C.R.R. Part 142**
**On behalf of the Individual Plaintiff and the New York Class**

64. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

65. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

66. At all times relevant the Individual Plaintiff and the members of the New York Class have been employees and Defendants have been joint employers within the meaning of the NYLL.

67. The Individual Plaintiff and the members of the New York Class are covered by the NYLL.

68. Defendants failed to pay the Plaintiff and the Class overtime wages to which they are entitled under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

**THIRD CAUSE OF ACTION:**
**WAGE STATEMENT VIOLATIONS**
**New York Labor Law §§ 195 & 198**
**On behalf of the Individual Plaintiff and the New York Class**

69. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth herein.

70. The Defendants failed to provide accurate wage statements to the Individual Plaintiff and the New York Class as required by New York Labor Law § 195(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action,

b. Certification of the state law claims in this action as a class action;

c. Unpaid/Underpaid overtime wages;

d. An additional and equal amount as liquidated damages under the FLSA;

e. Liquidated damages under the New York Labor Law;

f. Statutory damages under New York law for wage statement violations as alleged herein,

g. Pre-Judgment and Post-Judgment interest, as provided by law;

h. Attorneys' fees and costs of suit, including expert fees; and

i. Such other relief as the Court may deem just and proper.

Dated: Huntington, New York
October 13, 2020

Respectfully Submitted,
MOSER LAW FIRM, P.C.

_____
By: Steven John Moser (SM6628)
5 E. Main Street
Huntington, NY  11743
(631) 824-0200
smoser@moseremploymentlaw.com

13