# SETTLEMENT AGREEMENT AND RELEASE

Eliecer Berrezueta, one the one hand, and Powerhouse Food Corp. and David Mandell, on the other hand, desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiff" shall be defined as Eliecer Berrezueta.

    b. "Defendants" shall be defined as Powerhouse Food Corp. and David Mandell, and any related individuals or entities.

    c. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff on October 13, 2020 in the United States District Court, Eastern District of New York, Civil Action No. 20-cv-04920.

2. **Consideration**.

In consideration for Plaintiff's signing this Agreement and the release of all claims herein, Defendants agree as follows:

   a. Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims released pursuant to, and as defined herein, including all pertinent counsel fees and costs incurred by Plaintiff, the gross sum of Seventy Thousand Dollars and Zero Cents ($70,000.00) (the "Settlement Amount") to be paid within fourteen (14) days of final execution of this Agreement. The payment set forth above shall be sent to the office of Moser Law Firm, P.C. to the attention of Steve Moser, Esq., such office being located at 5 East Main Street, Huntington, NY 11743. The Settlement Amount will be apportioned as follows:

   i. One check in the amount of $46,666.67 made payable to "Eliecer Berrezueta";

   ii. One check in the amount of $23,333.33 made payable to "Moser Law Firm, P.C.";

   b. If there is a default in making the payments set forth herein, Plaintiff or his counsel, will give Defendants written notice of said default, by sending a notice of default to Defendants' attorneys by email to Kelly Koster, Esq. at kkoster@eckertseamans.com. Defendants will have seven (7) days from receipt of such notice to cure the default (the "Cure Period"). If Defendants do not cure the default within seven (7) days of the notice, Plaintiff and his counsel shall have the right to seek a judgment against Defendants individually and/or jointly in an amount not to exceed $70,000.00, plus an an additional amount of 15% of any portion of said judgment not paid within 90 days following

1

issuance of judgment, pursuant to NYLL 198(4). The court shall retain and have authority and jurisdiction to enter such judgment in favor of Plaintiff and his counsel.

3. **No Consideration Absent Execution of This Agreement**.

Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Release of Claims by Plaintiff**.

In return for the consideration set forth in this Agreement, including the payment identified in Paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharge Defendants of and from any and all wage and hour claims in connection with Plaintiff's employment by Defendants, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

5. **Acknowledgments and Affirmations**.

Plaintiff affirms that in the Action, he has asserted a claim seeking unpaid wages or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation, or basis, and affirms that there is a bona fide dispute as to such claims, which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek court approval of the settlement as fair and reasonable within the meaning of the FLSA and other applicable laws/regulations, and the dismissal of the Action with prejudice.

6. **Governing Law and Interpretation**.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, Plaintiff and Defendants affirm that any party may institute an action specifically to enforce any term(s) of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

7. **Amendment**.

This Agreement may not be modified, altered or changed without the express written consent of all parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**

The parties agree that the court shall retain jurisdiction to resolve any disputes arising out of this Agreement and the settlement of this Action.

9. **Non-admission of Wrongdoing**.

The parties agree that neither this Agreement, nor the furnishing of the consideration for this Agreement, shall be deemed or construed at any time for any purpose as an admission by any party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**.

This Agreement sets forth the entire agreement between the parties, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**.

Section headings are for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**.

Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement, and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement**.

The parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**.

At the time of considering and executing this Agreement, Plaintiff acknowledges and agrees he was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff acknowledges and agrees that he is competent to execute this Agreement.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below.

**PLAINTIFF:**
**ELIECER BERREZUETA**

By: _[signature: EliecerBerrezueta (DocuSigned)]_

Date: 4/12/2021

**DEFENDANT:**
**POWERHOUSE FOOD CORP.**

By: _[signature]_

Print Name: David Mandell

Title: President

Date: 5/10/21

**DEFENDANT:**
**DAVID MANDELL**

By: _[signature]_

Date: 5/10/21

4